## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| NATIONAL AMERICAN INSURANCE COMPANY, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO. 3:24-CV-02365-E |
| ALSAL CONSTRUCTION, INC., SOHNAA REAL ESTATE, INC., PARWAIS ALAM and SALEHA HAIDER | § § § § § | JURY TRIAL DEMANDED |
| *Defendant.* | § § | |

### DEFENDANTS' ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT AND JURY DEMAND

Defendants Alsal Construction, Inc., Sohnaa Real Estate, Inc., Parwaiz Alam and Saleha Haider (collectively "Defendants" unless referred to individually) hereby answers the Amended Complaint [Doc. 14] in this action filed by National American Insurance Company ("Plaintiff" or "NAIC") and asserts their initial affirmative defenses. The below paragraph numbers 1-31 set forth herein correspond to the same paragraph numbers in the Amended Complaint.

### PARTIES, JURISDICTION AND VENUE

1.      Defendants believe the allegations in this paragraph to be true, but ultimately, Defendants are without sufficient information to fully admit or deny the allegations set forth in this paragraph, and on that basis, deny the allegations contained therein.

2.      Admit.

3.      Admit in part, Plaintiff misspelled Sohnaa Real Estate, Inc. in this paragraph.

4.      Admit in part, Plaintiff misspelled Parwaiz Alam in this paragraph and the style of

the case.

5.      Admit.

6.      Admit that Plaintiff refers to Defendants as "Indemnitors" in its Amended Complaint but deny that Plaintiff's use of such reference infers any legal obligations on the part of Defendants.

7.      Admit.

8.      Admit.

## FACTUAL BACKGROUND

9.      Plaintiff does not attach the written General Indemnity Agreement referenced in this paragraph and as such, Defendants are without sufficient information to fully admit or deny the allegations set forth in this paragraph. Defendants admit that they executed an agreement with Plaintiff, and that such agreement speaks for itself and to the extent this paragraph states legal conclusion(s), no response is required.

10.     Plaintiff recites provisions of an unattached referenced document and thus, Defendants are without sufficient information to fully admit or deny the allegations set forth in this paragraph.   Moreover, any document or agreement speaks for itself and to the extent this paragraph states legal conclusion(s), no response is required.

11.     Plaintiff recites provisions of an unattached referenced document and Defendants are without sufficient information to fully admit or deny the allegations set forth in this paragraph. Moreover, any document or agreement speaks for itself and to the extent this paragraph states legal conclusion(s), no response is required.

12.     Plaintiff does not attach the written contract referenced in this paragraph and as such, Defendants are without sufficient information to fully admit or deny the allegations set forth

in this paragraph. Defendants admit Alsal Construction, Inc, entered into a written agreement with DFW Islamic Education Center, Inc. ("DFWIEC") relating to construction of improvements at 5511 Mansfield Road, Arlington, Texas 76017.

13. Plaintiff does not attach the written performance bond and payment bond referenced in this paragraph and as such, Defendants are without sufficient information to fully admit or deny the allegations set forth in this paragraph. Moreover, any document speaks for itself and to the extent this paragraph states legal conclusion(s), no response is required.

14. Admit that a dispute arose between Defendant Alsal Construction, Inc. and DFW Islamic Education Center, Inc., deny as to remainder.

15. Defendants believe the allegations regarding the actions of Plaintiff and DFWIEC in this paragraph to be true, but ultimately are without sufficient information to fully admit or deny the allegations set forth in this paragraph.

16. Defendants admit that an arbitration proceeding was initiated in that certain arbitration styled and numbered DFW Islamic Education Center, Inc. v. Alsal Construction, Inc and National American Insurance company, Cause No 01-22-0005-3466. While Defendants generally agree with the description of the claims referenced in this paragraph, the parties' respective claims in that proceeding include additional specific allegations, and therefore Defendants deny the allegations as incomplete.

17. Admit in part, there were additional arguments and submissions presented following the referenced final hearing.

18. Defendants admit that an Amended Application and Motion to Confirm Arbitration Award and Enter Final Judgment was filed by DFWIEC, deny remainder including any implication that DFWIEC is entitled to a confirmation of the arbitration award.

19.    Deny.

20.    Defendants are without sufficient information to fully admit or deny the allegations set forth in this paragraph, and on that basis, deny the allegations contained therein.

21.    Deny.

22.    Deny.

23.    This is a re-allegation paragraph of paragraphs 1 through 22, and Defendants incorporate their responses to Plaintiff allegations in paragraphs 1 through 22 as set forth above.

24.    This paragraph states legal conclusion(s) and no response is required. To the extent a response is required, Defendants deny generally and specifically the allegations in this paragraph.

25.    This paragraph states legal conclusion(s) and no response is required. To the extent a response is required, Defendants deny generally and specifically the allegations in this paragraph.

26.    This is a re-allegation paragraph of paragraphs 1 through 25. and Defendants incorporate their responses to Plaintiff allegations in paragraphs 1 through 25 as set forth above.

27.    This paragraph states legal conclusion(s) and no response is required. To the extent a response is required, Defendants deny generally and specifically the allegations in this paragraph.

28.    This paragraph states legal conclusion(s) and no response is required. To the extent a response is required, Defendants deny generally and specifically the allegations in this paragraph.

29.    This is a re-allegation paragraph of paragraphs 1 through 28, and Defendants incorporate their responses to Plaintiff allegations in paragraphs 1 through 28 as set forth above.

30.    Admit in part, that Plaintiff presented claims to Defendants prior to filing suit. The remainder of this paragraph states legal conclusion(s) and no response is required. To the extent a response is required, Defendants deny generally and specifically the remaining allegations in this paragraph.

31.      This paragraph states legal conclusion(s) and no response is required.  To the extent a response is required, Defendants deny generally and specifically the allegations in this paragraph.

## **GENERAL DENIAL**

32.      Other than specifically admitted herein, Defendants hereby generally deny each and every, all and singular, the material allegations as contained in Plaintiff's Amended Complaint and demands strict proof thereof by a preponderance of evidence.

## **SPECIFIC AND AFFIRMATIVE DEFENSES**

33.      As separate and distinct defenses to each of the claims set forth in Plaintiff's Amended Complaint, Defendants set forth the following and assert that each are at issue, or are expected to be at issue, after Plaintiff makes its initial disclosures and there is an opportunity to conduct discovery.  Defendants incorporate by reference, to the extent applicable, its responses set forth above to the allegations in Plaintiff's Amended Complaint. Without waiving or limiting their general denial or any of the defenses below, Defendants further plead each of the following affirmative defenses:

34.      Defendants are not liable to Plaintiff for the alleged Counts I-III, due to all conditions precedent to Plaintiff's recovery not having been completed and/or already performed. Specifically, there was no judgment entered at the time of any alleged payment by Plaintiff, and additionally the final award had not been confirmed in any manner or become final at the time of any alleged payment by Plaintiff.

35.      Defendants are not liable to Plaintiff for the alleged Counts I-III, due to Plaintiff's waiver of its contractual rights and voluntary payment.

36.      Defendants are not liable to Plaintiff for the alleged Counts I-III, due to Plaintiff's unclean hands.

37.     Defendants are not liable to Plaintiff for the alleged Counts I-III, due to offset and/or credit.

38.     Defendants are not liable to Plaintiff for the alleged Counts I-III, due to the affirmative defense of equitable estoppel and/or release.

39.     Defendants are not liable to Plaintiff for the alleged Counts I-III, due to Plaintiff's breach of duties owed to Defendant(s), including but not limited to duties of good faith and of fair dealing.

## JURY DEMAND

40.     Defendants hereby request and demand a trial by jury, pursuant to the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendants respectfully request that Plaintiff takes nothing in Plaintiff's lawsuit against Defendants, that Defendants are awarded their reasonable and necessary attorneys' fees, including expert fees, and all cost of suit and this Court grant Defendants such other and further relief, general and special, at law or in equity, to which Defendants may be just entitled.

Respectfully submitted,

**SCHEEF & STONE, LLP**

By: */s/ Mark L. Hill*
    Mark L. Hill
    State Bar No. 24043868
    mark.hill@solidcounsel.com

2600 Network Blvd., Suite 400
Frisco, Texas 75034
(214) 472-2100 Telephone
(214) 472-2150 Telecopier
***ATTORNEY FOR DEFENDANTS***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on November 18, 2024, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.


_/s/Mark L. Hill_ _____
Mark L. Hill